Kelly A. Beall (SBN 162456)
kabeall@wolfewyman.com
Jennifer J. Maas (SBN 223384)
jjmaas@wolfewyman.com
Jane A. Gaba (SBN 258955)
jagaba@wolfewyman.com
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA



| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SACV12-930 DOC (MLGx) |
| Plaintiff, | |
| v. | **DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT** |
| NAGESH SHETTY, as an individual and as trustee of the Shetty Family Trust; ANITA SHETTY, as an individual and as trustee of the Shetty Family Trust; RICHARD D'SOUZA, a.k.a. RICHARD D'SOUSA or RICHARD DE SOUZA; MARIE SHETTY, as successor to the estate of SUBBAYYA SHETTY; MAHABALA SHETTY; OCWEN FINANCIAL COPORATION; DAVID M. DUDLEY; MESA VERDE DRIVE PLAZA, a California General partnership; STATE OF CALIFORNIA, through its agency THE FRANCHISE TAX BOARD; ORANGE TREASURER-TAX COLLECTOR; UNITED MERCHANTS ASSOCIATION, a California Corporation; MIDFIRST BANK; NCO PORTFOLIO MANAGEMENT; CITIMORTGAGE, INC.; and CAPITAL ONE, | Action Filed: June 11, 2012 |
| Defendants. | |

COMES NOW Defendant CITIMORTGAGE, INC. ("CMI") severing itself from all others, hereby appears, responds and objects to the allegations of the Complaint of Plaintiff UNITED STATES OF AMERICA ("USA") as follows:

## A. GENERAL ALLEGATIONS

### Jurisdiction and Venue

1.     In response to Paragraph 1 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

2.     In response to Paragraph 2 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

3.     In response to Paragraph 3 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

### The Subject Real Properties

4.     In response to Paragraph 4 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

5.     In response to Paragraph 5 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

6.     In response to Paragraph 6 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

### The Parties

7.     In response to Paragraph 7 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

8.     In response to Paragraph 8 of the Complaint, CMI states that the referenced documents identified in paragraph 119 of the Complaint are written documents that speak for themselves.  No response to Plaintiff's descriptions, characterizations, or interpretations is required.  To the extent a response is required, CMI lacks sufficient information and belief to admit or deny the allegations in Paragraph 8 of the Complaint, and based thereon denies each and every remaining allegation.

9.     In response to Paragraph 9 of the Complaint, CMI states that Paragraph 9 contains conclusions of law to which no answer is required.  Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint.  CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 9 of the Complaint and based thereon denies each and every remaining allegation.

10.     In response to Paragraph 10 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

11.     In response to Paragraph 11 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

12.     In response to Paragraph 12 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

13.     In response to Paragraph 13 of the Complaint, CMI states that Paragraph 13 contains conclusions of law to which no answer is required.  Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint.  CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 13 of the Complaint and based thereon denies each and every remaining allegation.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

14.     In response to Paragraph 14 of the Complaint, CMI states that Paragraph 14 contains conclusions of law to which no answer is required.  Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint.  CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 14 of the Complaint and based thereon denies each and every remaining allegation.

15.     In response to Paragraph 15 of the Complaint, CMI states that Paragraph 15 contains conclusions of law to which no answer is required.  Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibits to the Complaint.  CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 15 of the Complaint and based thereon denies each and every remaining allegation.

16.     In response to Paragraph 16 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

17.     In response to Paragraph 17 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

18.     In response to Paragraph 18 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

19.     In response to Paragraph 19 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

20.     In response to Paragraph 20 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

21.     In response to Paragraph 21 of the Complaint, CMI states that

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

1   Paragraph 21 contains conclusions of law to which no answer is required.  Except as

2   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

3   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

4   remaining allegations in Paragraph 21 of the Complaint and based thereon denies

5   each and every remaining allegation.

6        22.    In response to Paragraph 22 of the Complaint, CMI states that

7   Paragraph 22 contains conclusions of law to which no answer is required.  Except as

8   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

9   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

10   remaining allegations in Paragraph 22 of the Complaint and based thereon denies

11   each and every remaining allegation.

12        23.    In response to Paragraph 23 of the Complaint, CMI states that

13   Paragraph 23 contains conclusions of law to which no answer is required.  Except as

14   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

15   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

16   remaining allegations in Paragraph 23 of the Complaint and based thereon denies

17   each and every remaining allegation.

18        24.    In response to Paragraph 24 of the Complaint, CMI states that

19   Paragraph 24 contains conclusions of law to which no answer is required.  Except as

20   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

21   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

22   remaining allegations in Paragraph 24 of the Complaint and based thereon denies

23   each and every remaining allegation.

24        25.    In response to Paragraph 25 of the Complaint, CMI states that

25   Paragraph 25 contains conclusions of law to which no answer is required.  Except as

26   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

27   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

28   remaining allegations in Paragraph 25 of the Complaint and based thereon denies

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

1    each and every remaining allegation.

2        26.    In response to Paragraph 26 of the Complaint, CMI states that

3    Paragraph 26 contains conclusions of law to which no answer is required.  Except as

4    to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

5    to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

6    remaining allegations in Paragraph 26 of the Complaint and based thereon denies

7    each and every remaining allegation.

8        27.    In response to Paragraph 27 of the Complaint, CMI states that

9    Paragraph 27 contains conclusions of law to which no answer is required.  Except as

10   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

11   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

12   remaining allegations in Paragraph 27 of the Complaint and based thereon denies

13   each and every remaining allegation.

14       28.    In response to Paragraph 28 of the Complaint, CMI lacks sufficient

15   information or belief sufficient to enable it to answer the allegations thereof and on

16   that basis, CMI denies such allegations.

17       29.    In response to Paragraph 29 of the Complaint, CMI states that

18   Paragraph 29 contains conclusions of law to which no answer is required.  Except as

19   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit

20   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

21   remaining allegations in Paragraph 29 of the Complaint and based thereon denies

22   each and every remaining allegation.

23       30.    In response to Paragraph 30 of the Complaint, CMI lacks sufficient

24   information or belief sufficient to enable it to answer the allegations thereof and on

25   that basis, CMI denies such allegations.

26       31.    In response to Paragraph 31 of the Complaint, CMI lacks sufficient

27   information or belief sufficient to enable it to answer the allegations thereof and on

28   that basis, CMI denies such allegations.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

32.     In response to Paragraph 32 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

33.     In response to Paragraph 33 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

34.     In response to Paragraph 34 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

35.     In response to Paragraph 35 of the Complaint, CMI states that Paragraph 35 contains conclusions of law to which no answer is required.  Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint.  CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 35 of the Complaint and based thereon denies each and every remaining allegation.

36.     In response to Paragraph 36 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

37.     In response to Paragraph 37 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis, CMI denies such allegations.

38.     In response to Paragraph 38 of the Complaint, CMI states that Paragraph 38 contains conclusions of law to which no answer is required.  Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint.  CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 38 of the Complaint and based thereon denies each and every remaining allegation.

39.     In response to Paragraph 39 of the Complaint, CMI states that

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Paragraph 39 contains conclusions of law to which no answer is required. Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint. CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 39 of the Complaint and based thereon denies each and every remaining allegation.

40.      In response to Paragraph 40 of the Complaint, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint. CMI admits that it has an interest in the real property described in the referenced exhibit to the Complaint pursuant to a deed of trust in favor of California Federal Savings and Loan Association recorded on September 30, 1988 as Instrument No. 88-498375 (the "Irvine Property"). CMI further admits that it is the successor in interest to California Federal Savings and Loan Association with respect to the Irvine Property.

41.      In response to Paragraph 41 of the Complaint, CMI states that Paragraph 41 contains conclusions of law to which no answer is required. Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint. CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 41 of the Complaint and based thereon denies each and every remaining allegation.

42.      In response to Paragraph 42 of the Complaint, CMI states that Paragraph 42 contains conclusions of law to which no answer is required. Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint. CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 42 of the Complaint and based thereon denies each and every remaining allegation.

43.      In response to Paragraph 43 of the Complaint, CMI states that Paragraph 43 contains conclusions of law to which no answer is required. Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint. CMI lacks sufficient information and belief to admit or deny the

1206844.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   remaining allegations in Paragraph 43 of the Complaint and based thereon denies
2   each and every remaining allegation.

3       44.   In response to Paragraph 44 of the Complaint, CMI states that
4   Paragraph 44 contains conclusions of law to which no answer is required.  Except as
5   to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit
6   to the Complaint.  CMI lacks sufficient information and belief to admit or deny the
7   remaining allegations in Paragraph 44 of the Complaint and based thereon denies
8   each and every remaining allegation.

9       45.   In response to Paragraph 45 of the Complaint, CMI states that
10  Paragraph 45 contains conclusions of law to which no answer is required.  Except as
11  to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit
12  to the Complaint.  CMI lacks sufficient information and belief to admit or deny the
13  remaining allegations in Paragraph 45 of the Complaint and based thereon denies
14  each and every remaining allegation.

15      46.   In response to Paragraph 46 of the Complaint, CMI states that
16  Paragraph 46 contains conclusions of law to which no answer is required.  Except as
17  to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit
18  to the Complaint.  CMI lacks sufficient information and belief to admit or deny the
19  remaining allegations in Paragraph 46 of the Complaint and based thereon denies
20  each and every remaining allegation.

21      47.   In response to Paragraph 47 of the Complaint, CMI admits that Plaintiff
22  has attached the referenced exhibit to the Complaint.  CMI lacks sufficient
23  information and belief to admit or deny the remaining allegations in paragraph 47 of
24  the Complaint and based thereon denies each and every remaining allegation.

25      48.   In response to Paragraph 48 of the Complaint, CMI states that
26  Paragraph 48 contains conclusions of law to which no answer is required.  Except as
27  to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit
28  to the Complaint.  CMI lacks sufficient information and belief to admit or deny the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

9

1206844.1

1   remaining allegations in Paragraph 48 of the Complaint and based thereon denies

2   each and every remaining allegation.

### B. CAUSES OF ACTION

I.   <u>**First Claim For Relief:  To Reduce Joint Federal Tax Assessments**</u>

     <u>**to Judgment**</u> **(Against Defendants Nagesh Shetty and Anita Shetty)**

49.   No response is required to Paragraph 49 of the Complaint.  To the

extent a response is required, CMI incorporates its responses to Paragraphs 1-48

herein by reference.

50.   In response to Paragraph 50 of the Complaint, CMI lacks sufficient

information or belief sufficient to enable it to answer the allegations thereof and on

that basis CMI denies such allegations on information and belief.

51.   In response to Paragraph 51 of the Complaint, CMI lacks sufficient

information or belief sufficient to enable it to answer the allegations thereof and on

that basis CMI denies such allegations on information and belief.

52.   In response to Paragraph 52 of the Complaint, CMI lacks sufficient

information or belief sufficient to enable it to answer the allegations thereof and on

that basis CMI denies such allegations on information and belief.

53.   In response to Paragraph 53 of the Complaint, CMI lacks sufficient

information or belief sufficient to enable it to answer the allegations thereof and on

that basis CMI denies such allegations on information and belief.

54.   In response to Paragraph 54 of the Complaint, CMI lacks sufficient

information or belief sufficient to enable it to answer the allegations thereof and on

that basis CMI denies such allegations on information and belief.

55.   In response to Paragraph 55 of the Complaint, CMI lacks sufficient

information or belief sufficient to enable it to answer the allegations thereof and on

that basis CMI denies such allegations on information and belief.

56.   In response to Paragraph 56 of the Complaint, CMI lacks sufficient

information or belief sufficient to enable it to answer the allegations thereof and on

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

1   that basis CMI denies such allegations on information and belief.

2       57.   In response to Paragraph 57 of the Complaint, CMI lacks sufficient

3   information or belief sufficient to enable it to answer the allegations thereof and on

4   that basis CMI denies such allegations on information and belief.

5       58.   In response to Paragraph 58 of the Complaint, CMI lacks sufficient

6   information or belief sufficient to enable it to answer the allegations thereof and on

7   that basis CMI denies such allegations on information and belief.

8       59.   In response to Paragraph 59 of the Complaint, CMI lacks sufficient

9   information or belief sufficient to enable it to answer the allegations thereof and on

10  that basis CMI denies such allegations on information and belief.

11      60.   In response to Paragraph 60 of the Complaint, CMI lacks sufficient

12  information or belief sufficient to enable it to answer the allegations thereof and on

13  that basis CMI denies such allegations on information and belief.

14      61.   In response to Paragraph 61 of the Complaint, CMI lacks sufficient

15  information or belief sufficient to enable it to answer the allegations thereof and on

16  that basis CMI denies such allegations on information and belief.

17      62.   In response to Paragraph 62 of the Complaint, CMI lacks sufficient

18  information or belief sufficient to enable it to answer the allegations thereof and on

19  that basis CMI denies such allegations on information and belief.

20      63.   In response to Paragraph 63 of the Complaint, CMI lacks sufficient

21  information or belief sufficient to enable it to answer the allegations thereof and on

22  that basis CMI denies such allegations on information and belief.

23      64.   In response to Paragraph 64 of the Complaint, CMI lacks sufficient

24  information or belief sufficient to enable it to answer the allegations thereof and on

25  that basis CMI denies such allegations on information and belief.

26      65.   In response to Paragraph 65 of the Complaint, CMI lacks sufficient

27  information or belief sufficient to enable it to answer the allegations thereof and on

28  that basis CMI denies such allegations on information and belief.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

66.    In response to Paragraph 66 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

67.    In response to Paragraph 67 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

68.    In response to Paragraph 68 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

69.    In response to Paragraph 69 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

70.    In response to Paragraph 70 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

71.    In response to Paragraph 71 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

II.    **Second Claim For Relief:  For a Determination that Real Property is Titled to Richard D'Souza as Nominee or in Resulting Trust forNagesh Shetty and Anita Shetty** (Against Defendants Nagesh Shetty, Anita Shetty and Richard D'Souza)

72.    In response to Paragraph 72 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

73.    In response to Paragraph 73 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

74.    In response to Paragraph 74 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

75.    In response to Paragraph 75 of the Complaint, CMI states that Paragraph 75 contains conclusions of law to which no answer is required. CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 75 of the Complaint and based thereon denies each and every remaining allegation.

76.    In response to Paragraph 76 of the Complaint, CMI states that Paragraph 76 contains conclusions of law to which no answer is required. CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 76 of the Complaint and based thereon denies each and every remaining allegation.

77.    In response to Paragraph 77 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

78.    In response to Paragraph 78 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

79.    In response to Paragraph 79 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

80.    In response to Paragraph 80 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

81.    In response to Paragraph 81 of the Complaint, CMI states that Paragraph 81 contains conclusions of law to which no answer is required. CMI lacks sufficient information and belief to admit or deny the remaining allegations in

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

1    Paragraph 81 of the Complaint and based thereon denies each and every remaining

2    allegation.

3          82.    In response to Paragraph 82 of the Complaint, CMI lacks sufficient

4    information or belief sufficient to enable it to answer the allegations thereof and on

5    that basis CMI denies such allegations on information and belief.

6          83.    In response to Paragraph 83 of the Complaint, CMI lacks sufficient

7    information or belief sufficient to enable it to answer the allegations thereof and on

8    that basis CMI denies such allegations on information and belief.

9          84.    In response to Paragraph 84 of the Complaint, CMI states that

10   Paragraph 84 contains conclusions of law to which no answer is required.  CMI lacks

11   sufficient information and belief to admit or deny the remaining allegations in

12   Paragraph 84 of the Complaint and based thereon denies each and every remaining

13   allegation.

14         85.    In response to Paragraph 85 of the Complaint, CMI lacks sufficient

15   information or belief sufficient to enable it to answer the allegations thereof and on

16   that basis CMI denies such allegations on information and belief.

17         86.    In response to Paragraph 86 of the Complaint, CMI lacks sufficient

18   information or belief sufficient to enable it to answer the allegations thereof and on

19   that basis CMI denies such allegations on information and belief.

20         87.    In response to Paragraph 87 of the Complaint, CMI lacks sufficient

21   information or belief sufficient to enable it to answer the allegations thereof and on

22   that basis CMI denies such allegations on information and belief.

23         88.    In response to Paragraph 88 of the Complaint, CMI lacks sufficient

24   information or belief sufficient to enable it to answer the allegations thereof and on

25   that basis CMI denies such allegations on information and belief.

26         89.    In response to Paragraph 89 of the Complaint, CMI lacks sufficient

27   information or belief sufficient to enable it to answer the allegations thereof and on

28   that basis CMI denies such allegations on information and belief.

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

90.    In response to Paragraph 90 of the Complaint, CMI states that Paragraph 90 contains conclusions of law to which no answer is required. CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 90 of the Complaint and based thereon denies each and every remaining allegation.

91.    In response to Paragraph 91 of the Complaint, CMI states that Paragraph 91 contains conclusions of law to which no answer is required. Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibit to the Complaint. CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 91 of the Complaint and based thereon denies each and every remaining allegation.

92.    In response to Paragraph 92 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

93.    In response to Paragraph 93 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

94.    In response to Paragraph 94 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

95.    In response to Paragraph 95 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

96.    In response to Paragraph 96 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

97.    In response to Paragraph 97 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

1   that basis CMI denies such allegations on information and belief.

2          98.    In response to Paragraph 98 of the Complaint, CMI lacks sufficient

3   information or belief sufficient to enable it to answer the allegations thereof and on

4   that basis CMI denies such allegations on information and belief.

5          99.    In response to Paragraph 99 of the Complaint, CMI lacks sufficient

6   information or belief sufficient to enable it to answer the allegations thereof and on

7   that basis CMI denies such allegations on information and belief.

8          100.   In response to Paragraph 100 of the Complaint, CMI lacks sufficient

9   information or belief sufficient to enable it to answer the allegations thereof and on

10  that basis CMI denies such allegations on information and belief.

11         101.   In response to Paragraph 101 of the Complaint, CMI lacks sufficient

12  information or belief sufficient to enable it to answer the allegations thereof and on

13  that basis CMI denies such allegations on information and belief.

14         102.   In response to Paragraph 102 of the Complaint, CMI lacks sufficient

15  information or belief sufficient to enable it to answer the allegations thereof and on

16  that basis CMI denies such allegations on information and belief.

17         103.   In response to Paragraph 103 of the Complaint, CMI lacks sufficient

18  information or belief sufficient to enable it to answer the allegations thereof and on

19  that basis CMI denies such allegations on information and belief.

20         104.   In response to Paragraph 104 of the Complaint, CMI lacks sufficient

21  information or belief sufficient to enable it to answer the allegations thereof and on

22  that basis CMI denies such allegations on information and belief.

23         105.   In response to Paragraph 105 of the Complaint, CMI lacks sufficient

24  information or belief sufficient to enable it to answer the allegations thereof and on

25  that basis CMI denies such allegations on information and belief.

26         106.   In response to Paragraph 106 of the Complaint, CMI lacks sufficient

27  information or belief sufficient to enable it to answer the allegations thereof and on

28  that basis CMI denies such allegations on information and belief.

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**III.** **Third Claim For Relief:  To Set Aside Fraudulent Transfer of Real Property from Nagesh Shetty and Anita Shetty to Richard D'Souza Under the California Uniform Fraudulent Transfer Act**

**(Against Defendants Nagesh Shetty, Anita Shetty and Richard D'Souza)**

**A.  Fraudulent Transfer Under Cal Civ. Code § 3439.04(a)(1)**

107.   No response is required to Paragraph 107 of the Complaint.  To the extent a response is required, CMI incorporates its responses to Paragraphs 1-106 herein by reference.

108.   In response to Paragraph 108 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

**B.  Fraudulent Transfer Under Cal. Civ. Code § 3439.04(a)(2)**

109.   No response is required to Paragraph 109 of the Complaint.  To the extent a response is required, CMI incorporates its responses to Paragraphs 1-108 herein by reference.

110.   In response to Paragraph 110 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

111.   In response to Paragraph 111 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

112.   In response to Paragraph 112 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

113.   In response to Paragraph 113 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

## C. Fraudulent Transfer Under Cal. Civ. Code § 3439.05

114.   No response is required to Paragraph 114 of the Complaint.  To the extent a response is required, CMI incorporates its responses to Paragraphs 1-113 herein by reference.

115.   In response to Paragraph 115 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

116.   In response to Paragraph 116 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

## IV.   Fourth Claim for Relief:  To Foreclose Federal Tax Liens Against Real Property

### (Against All Defendants)

117.   No response is required to Paragraph 117 of the Complaint.  To the extent a response is required, CMI incorporates its responses to Paragraphs 1-116 herein by reference.

118.   In response to Paragraph 118 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

119.   In response to Paragraph 119 of the Complaint, CMI states that Paragraph 119 contains conclusions of law to which no answer is required.  Except as to the legal conclusions, CMI admits that Plaintiff has attached the referenced exhibits to the Complaint.  CMI lacks sufficient information and belief to admit or deny the remaining allegations in Paragraph 119 of the Complaint and based thereon denies each and every remaining allegation.

120.   In response to Paragraph 120 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

121.   In response to Paragraph 121 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

122.   In response to Paragraph 122 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

123.   In response to Paragraph 123 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

124.   In response to Paragraph 124 of the Complaint, CMI lacks sufficient information or belief sufficient to enable it to answer the allegations thereof and on that basis CMI denies such allegations on information and belief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Validity and Priority of Deed of Trust)

125.   Nagesh Shetty and Anita E. Shetty executed a deed of trust ("Deed of Trust") on the real property described in the Complaint as the Irvine Property in favor of California Federal Savings and Loan Association to secure the repayment of a $276,450.00 mortgage loan ("Subject Loan"). The Deed of Trust was recorded on September 30, 1988, in the Official Records of Orange County as Instrument Number 88-498375. CMI subsequently acquired a beneficial interest in the Subject Loan and Deed of Trust. The Subject Loan and Deed of Trust constitute an existing and valid lien on the Irvine Property inuring to the benefit of CMI. The Deed of Trust is entitled to priority pursuant to 16 U.S.C. § 6323(a) and must be satisfied out of any monetary proceeds recovered by Plaintiff in this action, by virtue of any foreclosure proceedings on the Irvine Property, or otherwise, before satisfaction of any liens or judgment in favor of Plaintiff. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

## SECOND AFFIRMATIVE DEFENSE

### (Innocent Owner)

126.   CMI owns the Subject Loan, which is secured by a corresponding recorded Deed of Trust related to the Irvine property.  As an innocent owner, said security interest is protected from forfeiture under 21 U.S.C. § 853.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (No Liability for Third Party Acts)

127.   CMI is informed and believes, and based thereon alleges, that at all times relevant, the holder(s) of the Subject Loan was unaware and did not know of the alleged illegal conduct related to other named defendants.  CMI is informed and believes, and based thereon alleges, that the holder(s) of the Subject Loan is not liable for independent acts of third parties, and Plaintiff's damages, if any, are attributable to acts of third parties.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Right to Equitable Lien)

128.   CMI is informed and believes, and based thereon alleges, that to the extent that proceeds were used to pay a preexisting lien against the Irvine Property and, if it is determined that the Subject Loan and Deed of Trust are invalid, then the holder(s) of the Subject Loan is entitled to and equitable lien against said property.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

129.   CMI is informed and believes, and based thereon alleges, that each and every claim asserted in the Complaint is barred by the applicable statute of

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1206844.1

1  limitations including, but not limited to, 26 U.S.C. § 6502.

## SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Encumbrancer for Value)

130.   CMI is informed and believes, and based thereon alleges, that the Subject Loan and Deed of Trust related to the Irvine Property were acquired by a bona fide encumbrancer for value of the Irvine Property.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Name Indispensable Parties)

131.   CMI is informed and believes, and thereon alleges, that Plaintiff failed to join all indispensible parties as defendants to the Complaint.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Affirmative Defenses)

132.   CMI is informed and believes, and thereupon alleges, that it cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendant CMI prays for judgment as follows as to the Complaint of the United States of America as follows:

1.   That CMI receive payment to satisfy its Deed of Trust encumbering the Irvine Property (attached as Exhibit 29 to the Complaint);

2.   For costs of suit incurred herein; and

3.   For such other and further relief that the Court deems just and proper.

///

///

///

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## CMI DEMANDS TRIAL BY JURY ON ALL ISSUES

DATED:  November 19, 2012          WOLFE & WYMAN LLP


By:   _/s/ Jane A. Gaba_____
        KELLY A. BEALL
        JENNIFER J. MAAS
        JANE A. GABA
Attorneys for Defendant
**CITIMORTGAGE, INC.**

DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT - SACV12-930 DOC (MLGX)

1206844.1

1 | **PROOF OF SERVICE**

2 | **STATE OF CALIFORNIA** )
      ) ss.
3 | **COUNTY OF ORANGE** )

4 | I, Cindy Gonzales, declare:

5 | I am employed in the County of Orange, State of California.  I am over the age of 18
6 | and not a party to the within action.  My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

7 | On November 19, 2012, I served the document(s) described as **DEFENDANT CITIMORTGAGE, INC.'S ANSWER TO COMPLAINT** on all interested parties
8 | in said action on the ATTACHED SERVICE LIST.

9 | ☒    **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I
10 | hereby certify that the above document(s) was uploaded to the CM-ECF website and will be posted on the website by the close of the next business day and the
11 | webmaster will give e-mail notification to all parties.

12 | ☒    **FEDERAL**        I declare that I am employed in the offices of a member of
13 | the State Bar of this Court at whose direction the service was made.

14 | Executed on November 19, 2012, at Irvine, California.

15 |

16 | 
17 | Cindy Gonzales

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*WOLFE & WYMAN LLP*
*ATTORNEYS & COUNSELORS AT LAW*

1205347.1

**SERVICE LIST**
**USDC-Central District- Case No. 8:12-cv-00930-DOC-MLGx**
**UNITED STATES OF AMERICA v. NAGESH SHETTY, et al.**
**W&W File No. 1133-1037**
**[Revised: October 18, 2012]**

| | |
|---|---|
| Andre Birotte, Jr., Esq.<br>United States Attorney<br>Sandra R. Brown, Esq.<br>Assistant United States Attorney<br>Chief, Tax Division<br>Daniel Layton, Esq.<br>Assistant United States Attorney<br>Room 7211 Federal Building<br>300 North Los Angeles Street<br>Los Angeles. CA  90012 | Attorneys for Plaintiff **UNITED STATES OF AMERICA**<br>Tel: (213) 894-6165; Fax: (213) 894-0115<br>Email:  Daniel.Layton@usdoj.gov |
| Marla K. Markman, Esq.<br>Office of the Attorney General of California<br>300 S. Spring Street, Suite 1702<br>Los Angeles. CA  90013-1230 | Attorneys for Defendant **STATE OF CALIFORNIA through its agency THE FRANCHISE TAX BOARD**<br>Tel:  (213) 897-2491<br>Email:  mala.markman@doi.ca.gov |
| Marisa Matsumura, Esq.<br>Marisa Matsumura Law Offices<br>1743 Learning Pine Drive<br>Diamond Bar, CA  91765 | Attorneys for Defendant **ORANGE COUNTY TREASURER-TAX COLLECTOR**<br>Tel:  (415) 846-8028<br>Email:<br>marisa.matsmura@coco.ocgov.com |
| Sara Firoozeh, Esq.<br>HOUSER & ALLISON, APC<br>9970 Research Dr<br>Irvine, CA 92618 | Attorneys for Defendant **U.S. BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-TC1**<br>Tel: (949) 679-1111; Fax: (949) 679-1112<br>E-Mail: sfiroozeh@houser-law.com |
| David M. Dudley | In *Pro Se*<br>E-Mail: fedcrimlaw@hotmail.com |