```
 1 | Eric D. Houser (SBN 130079)
   | Sara Firoozeh (SBN 259741)
 2 | HOUSER & ALLISON
   | A Professional Corporation
 3 | 9970 Research Drive
   | Irvine, CA 92618
 4 | Tel: (949) 679-1111
   | Fax: (949) 679-1112
 5 | Email: sfiroozeh@houser-law.com
```

6  Attorneys for Defendant, U.S. BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-TC1 (erroneously sued as Ocwen Financial Corporation)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| UNITED STATES OF AMERICA, | CASE NO.: SACV12-930 DOC(MLGx) |
|---|---|
| Plaintiff, | |
| vs. | **U.S. BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-TC1 (erroneously sued as Ocwen Financial Corporation) ANSWER TO COMPLAINT (1) TO REDUCE JOINT FEDERAL TAX ASSESSMENTS TO JUDGMENT; (2) FOR A DETERMINATION THAT REAL PROPERTY IS TITLED TO RICHARD D'SOUZA AS NOMINEE OR IN RESULTING TRUST FOR THE BENEFIT OF NAGESH SHETTY AND ANITA SHETTY; (3) TO SET ASIDE FRAUDULENT TRANSFER OF REAL PROPERTY FROM NAGESH SHETTY AND ANITA SHETTY TO RICHARD D'SOUZA; and (4) TO FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTIES** |
| NAGESH SHETTY, as an individual and as trustee of the Shetty Family Trust; ANITA SHETTY, as an individual and as trustee of the Shetty Family Trust; RICHARD D'SOUZA, a.k.a. RICHARD D'SOUSA or RICHARD DE SOUZA; MARIE SHETTY, as successor to the estate of SUBBAYYA SHETTY; MAHABALA SHETTY; OCWEN FINANCIAL CORPORATION; DAVID M. DUDLEY; MESA VERDE DRIVE PLAZA, a California General Partnership; STATE OF CALIFORNIA, through its agency THE FRANCHISE TAX BOARD; ORANGE COUNTY TREASURER-TAX COLLECTOR; UNITED MERCHANTS ASSOCIATION, a California Corporation; MIDFIRST BANK; NCO PORTFOLIO MANAGEMENT; CITIMORTGAGE, INC.; and CAPITAL ONE, | |
| Defendants. | Action Filed: June 11, 2012 |

ANSWER TO COMPLAINT

1

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

COMES NOW, U.S. Bank, N.A. as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1 (erroneously sued as Ocwen Financial Corporation) ("Defendant"), by and through its attorney, Sara Firoozeh of Houser & Allison, APC and for its Answer to the Complaint by the United States of America, states and alleges as follows:

## I. JURISDICTION AND VENUE

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## II. THE SUBJECT REAL PROPERTIES

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## III. THE PARTIES

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint

ANSWER TO COMPLAINT

2

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant admits the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant admits the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## IV. FIRST CAUSE OF ACTION – TO REDUCE JOINT FEDERAL TAX ASSESSMENTS TO JUDGMENT (AGAINST DEFENDANTS NAGESH SHETTY AND ANITA SHETTY)

49. Defendant incorporates by reference each and every response to the Complaint set forth in paragraphs 1 through 48 above as if fully set forth herein.

50-71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 50-71 of Plaintiff's Complaint.

V.  **SECOND CAUSE OF ACTION – FOR A DETERMINATION THAT REAL PROPERTY IS TITLED TO RICHARD D'SOUZA AS NOMINEE OR IN RESULTING TRUST FOR NAGESH SHETTY AND ANITA SHETTY (AGAINST DEFENDANTS NAGESH SHETTY, ANITA SHETTY, AND RICHARD D'SOUZA)**

72-106. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 72-106 of Plaintiff's Complaint.

VI.  **THIRD CAUSE OF ACTION – TO SET ASIDE FRAUDULENT TRANSFER OF REAL PROPERTY FROM NAGESH SHETTY AND ANITA SHETTY TO RICHARD D'SOUZA UNDER THE CALIFORNIA UNIFORM FRAUDULENT TRANSFER ACT (AGAINST DEFENDANTS NAGESH SHETTY, ANITA SHETTY, AND RICHARD D'SOUZA)**

107. Defendant incorporates by reference each and every response to the Complaint set forth in paragraphs 1 through 106 above as if fully set forth herein.

108. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Defendant incorporates by reference each and every response to the Complaint set forth in paragraphs 1 through 108 above as if fully set forth herein.

110-116. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 110-116 of Plaintiff's Complaint.

VII.  **FOURTH CAUSE OF ACTION – TO FORECLOSE FEDERAL TAX LIENS AGAINST REAL PROPERTY (AGAINST ALL DEFENDANTS)**

117. Defendant incorporates by reference each and every response to the Complaint set forth in paragraphs 1 through 116 above as if fully set forth herein.

118. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124. Defendant admits the allegations contained in Paragraph 124 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

In addition, Defendant alleges the following separate and additional affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

**(Valid Deed of Trust)**

Defendant has a valid lien against the property located at 9332 Gateshead Drive, Huntington Beach, CA 92646.

### SECOND AFFIRMATIVE DEFENSE

**(First Position Lien is Not Extinguished by a Sale/Foreclosure)**

Defendant holds a senior position lien on the property and Plaintiff takes the property or rights to property subject to all senior liens and encumbrances. Senior liens and encumbrances are not extinguished by a sale even where the United States is declared the purchaser of the property. *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983).

### THIRD AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant. *Federal Rules of Civil Procedure* 12(b)(6).

### FOURTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

Defendant alleges that Plaintiff would be unjustly enriched if allowed to recover funds prior to paying off Defendant's superior position lien.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unstated Affirmative Defenses)

Defendant states that at this time they have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves herein the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

### PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

A) Judgment be entered in favor of Defendant;

B) Any proceeds of a sale or foreclosure of the property at issue in the Complaint be first dedicated to satisfying Defendant's lien on the property;

C) Defendant recover its costs of suit; and

D) Any other such relief that the Court deems just and proper.

Dated: December 5, 2012

**HOUSER & ALLISON, APC**

By: _____
Sara Firoozeh
Attorneys for Defendant,
U.S. BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-TC1 (erroneously sued as Ocwen Financial Corporation)

# MAILING LIST

**Daniel W. Layton**
AUSA – US Attorney's Office – Tax Division
300 North Los Angeles Street, Room 7211
Los Angeles, CA 90012
Daniel.layton@usdoj.gov
*Petitioner*

**N. Kelly Hoang**
600 Anton Blvd, 11th Floor
Costa Mesa, CA 92626
kellyhoanglaw@sbcglobal.net
*Representing Nagesh and Anita Shetty*

**Jennifer J. Maas**
Wolfe & Wyman LLP
2301 Dupont Drive, Suite 300
Irvine, CA 92612
jjmaas@wolfewyman.com
*Representing CitiMortgage, Inc.*

**Mark A Batarse**
Office of County Counsel
333 West Santa Ana Boulevard, Suite 407
Santa Ana, CA 92701
mark.batarse@coco.ocgov.com
*Representing Orange County Treasurer, Tax Collector*

**Marla K Markman**
CAAG - Office of Attorney General of California
300 S Spring St, Ste 1702
Los Angeles, CA 90013-1230
marla.markman@doj.ca.gov
*Representing State of CA, Franchise Tax Board*

**Boyd Hudson**
251 S. Lake Avenue, Suite 930
Pasadena, CA 91101
*Representing Richard D'Souza/Richard DeSouza*

**David Dudley**
3415 S. Sepulveda Blvd, Suite 320
Los Angeles, CA 90034

PROOF OF SERVICE
2

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) SS
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On December 5, 2012, I served the following document(s) described as follows:

**U.S. BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-TC1 (erroneously sued as Ocwen Financial Corporation) ANSWER TO COMPLAINT**

On the following interested parties in this action:

Please see attached mailing list.

[X] **VIA FIRST CLASS MAIL:** CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[X] **VIA ELECTRONIC SERVICE:** Pursuant to CM/ECF System, registrations as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an email notification of the filing to the parties and counsel listed who are registered with the Court's CM/ECF system.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on December 5, 2012 at Irvine, California.

*/s/ Kokie Nguyen*
Kokie Nguyen