UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SACV12-00930-DOC(MLGx) |
| Plaintiff, | **STANDING ORDER SETTING SETTLEMENT CONFERENCE** |
| v. | |
| NAGESH SHETTY, et al., | |
| Defendants. | |

A Settlement Conference is scheduled for **April 24, 2013, at 9:30 a.m.** before Magistrate Judge Marc L. Goldman, Courtroom 6A at the Ronald Reagan Federal Building & United States Courthouse, 411 West Fourth Street, Santa Ana, California. **All parties and their lead counsel are required to appear on the date and time set**. Counsel are instructed to check in with the clerk in Courtroom 6A.

Over 95% of civil suits settle prior to trial. Therefore settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared generally obtains the best results.

///

**Parties with ultimate settlement authority must be personally present at the settlement conference.** This includes all parties or agents of parties whose consent is necessary to enter into a full and binding settlement agreement. Individual parties not represented by counsel must be present. A representative appearing for a defendant must have settlement authority to commit the defendant to pay a settlement amount up to at least 75% of the plaintiff's last demand. **A representative of any insurance company that is or may be contractually required to defend or pay damages on behalf of any party to this action must be present at the settlement conference with settlement authority, to be employed at the representative's discretion, to commit the insurance company to pay an amount within the policy limits or up to 75% of the plaintiff's last demand, whichever is lower.** An uninsured corporate party shall appear by a representative authorized to negotiate and who has authority to settle the matter up to the amount of the opposing parties' existing settlement demand or offer. **Having a client with authority available by telephone is not an acceptable alternative, except in the most extenuating circumstances.**

**Counsel for each party shall be prepared to make a short presentation (not exceeding 10 minutes) to the court and the other parties explaining the background of the case and the rationale for their settlement positions. The presentation may include comments on the facts and law which counsel believes supports their client's settlement posture. The presentation is not to be made in the form of a closing argument or argument on a motion for summary judgment.**
///
///

**The purpose of the statement is simply to inform the court and the other participants of the basis for the last offer or demand and to provide a framework for going forward in the settlement process.**

     1.   <u>**PRE-CONFERENCE NEGOTIATIONS REQUIRED**</u>.  A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.  Not later than twenty-one (21) business days before the date of the conference, each plaintiff must tender a written settlement demand to the defendant. This demand shall contain a written itemization of damages with a brief explanation of why the settlement proposal is appropriate.  No later than fourteen (14) business days before the conference, each defendant must make and deliver a written counter-offer to plaintiff's counsel with a brief explanation of why the settlement proposal is appropriate. Plaintiff(s) must then tender a written reply to the defendant(s)' counter-offer no later than ten (10) business days before the conference.  On occasion, this process will lead directly to a settlement.  If settlement is not achieved, Plaintiff's counsel shall deliver to the Clerk's Office copies of these letters in an envelope clearly marked for Magistrate Judge Marc L. Goldman or Plaintiff's counsel may fax copies of these letters to Judge Goldman's chambers no later than seven (7) business days before the conference.  **Do not file copies of these letters in the Clerk's Office.**

     2.   <u>**CONFIDENTIAL SETTLEMENT STATEMENTS**</u>.  Not later than seven (7) business days before the conference, the parties must submit to Magistrate Judge Goldman a confidential written settlement statement setting forth the following: a) the position of the party concerning factual issues, issues of law, and damages; (b) the settlement

3

negotiation history of the case, including a recitation of the specific demands and offers that have been conveyed; and (c) the names and positions of the individuals who will be attending the settlement conference. The statement shall not exceed **seven (7) pages**. This statement shall be lodged with the Clerk's Office in Santa Ana. It should be plainly marked **"Lodge Only-Do Not File."** The statement will not be made a part of the case file or shared with any other party. It will be destroyed following the settlement conference.

    **3.** **CONFIDENTIALITY**. The purpose of the settlement conference is to facilitate resolution of this case. It will be conducted in such a manner as not to prejudice any party in event settlement is not reached. All matters communicated to Magistrate Judge Goldman in confidence will be kept confidential and will not be disclosed to any other party or to the trial judge. No statements or communications made as part of the settlement conference may be used in the litigation or trial of the case.

    **4.** **NOTE TO COUNSEL.** If counsel for **all** parties conclude that a settlement is not reasonably possible and that a conference will be fruitless, the parties shall file a joint statement to that effect with the settlement judge no later than three (3) business days before the date set for the settlement conference. Counsel for plaintiff shall thereafter arrange for a conference call including Magistrate Judge Goldman for the date and time set above.

///
///
///
///

1   **5.   COMPLIANCE.** All parties must comply with the terms of this Order. Sanctions may be imposed against any party or attorney who fails to fully cooperate and comply with the terms of this Order. If a party appears at the settlement conference without having complied with the requirements of this order, then the court may cancel the settlement conference and assess against the non-complying party, attorney or both, the fees and expenses incurred by the other parties in attending the settlement conference.

Dated:   January 16, 2013

_____
Marc L. Goldman
United States Magistrate Judge